## DOUGHERTY *v.* LITTLE.

(*In the Superior Court of Denver, November 19th, 1883—On demurrer to answer.*)

ANSWER—DENIALS MUST BE SPECIFIC—SPECIAL TRAVERSE NOT ALLOWED BY THE CODE. Under the Code (Sec. 57) the answer must specifically deny each allegation of the complaint intended to be controverted. This provision, in effect if not in direct terms, prohibits any qualified denial, and so forbids the old plea known as a "special traverse."

DAWSON, J.

The complaint declares on an entire contract for two years service, commencing January 10, A. D. 1883, at $1,400 per year, alleges a breach by unlawful discharge on July 16th, and lays damages at $2,000. The answer contains three defenses, first, a general denial; second, the statute of frauds; the third defense sets up an employment of plaintiff by the defendant on or about June 6th, 1883, at an agreed salary of $100 per month and traveling expenses, so long as plaintiff should properly and diligently, and to the best interests of defendant, do and perform the duties required of him by defendant, and

that plaintiff afterwards and before the 16th of July, "frequently and at divers times neglected the business of defendant, and did not, nor would do and perform with diligence and attention the duties required of him in that behalf;    *    * wherefore, the said defendant, on this 16th day of July, A. D. 1883, dismissed said plaintiff from his employment, as said defendant lawfully might, and not that said defendant wrongfully discharged said plaintiff, as in said complaint alleged."

To this defense the plaintiff demurs, and the hearing is upon this demurrer.

The defense as pleaded is substantially a special traverse under the rules of pleading existing prior to the adoption of the Code. Its design as distinguished from a common traverse was to "explain or qualify the denial instead of putting it in absolute form." In the defense under consideration the introductory matters, (formerly styled matters of inducement in special traverse) amount to a qualified denial of the employment as charged in the complaint, in that it sets up a state of facts inconsistent therewith; and this is followed by a positive denial of the discharge as laid in the complaint, thus meeting the requirements of the special traverse.

Mr. Stephen (page 175) describes this plea as "a relic of the subtle genius of the ancient pleaders," and under the rules laid down by him, it would not, under the old system, have been favored in a case like this. It was allowable only in cases in which, from some reason, a positive denial was rendered improper, or a common traverse would be inexpedient. (Stephen on Pleading, 176.) And at page 182 he says, "there is felt, however, in modern practice a great disinclination to adopt in any case whatever, without clear reason for doing so, this old fashioned form." I can see no reason why in this case the grounds of defense intended to be relied on by this plea, should not be stated directly instead of in this form. However, this idea need not be pursued, as the Code (Sec. 57) requires that the answer shall "contain a specific denial of each allegation intended to be controverted by the defendant," and thus in effect, if not in direct terms, prohibits any qualified denial, and so forbids the special traverse. The answer may contain as many defenses as the defendant may have, but any defense intended

to amount to a denial must be specific.    Without elaboration, I may say that as I understand the requirements of the Code touching this case, the defendant, if he desire to set up the contract stated in his third defense, as the actual and only contract between plaintiff and defendant, instead of the contract as laid in the complaint; or if he maintains that the contract as laid by him was in abrogation of and substitution for the contract declared upon, he must do so in direct terms.

The demurrer will be sustained.

*Chas. S. Wilson* and *Hugh Butler*, for plaintiff.

*France & Rogers*, for defendant.

---

## TERRIBLE MINING CO. *v.* ARGENTINE MINING CO.

*(U. S. Circuit Court, District of Colorado, Nov. 8, 1883.)*

MINING CLAIM.   Essentials and extent of a valid location.

HALLETT, J., in an oral charge to the jury, held:

That the plaintiff bringing his action to recover possession of a mining claim must show a good location, in compliance with the statute in respect to locations, *i. e.:* He must show in his discovery shaft a vein or lode of valuable ore, in rock in place, as well as compliance with the statute in other regards. The miner is not bound to make the first shaft or opening which he may sink, his discovery shaft.   If, after sinking in one place and failing to find a lode, he sinks in another and finds one, he may make the second his discovery shaft, on which location may be based.   That it is competent for him to make any shaft he may sink his discovery shaft, but it must disclose a lode or vein in rock in place, not simply mineral in a fragmentary condition.   A location is held valid only to the extent of the lode which is included within it.   If a location is extended beyond the limits of the lode, in so far as it goes beyond the lode it is held invalid—for the reason that the location gives no right to the surface except in connection with the lode.